SAMUEL KNOWLTON, Petitioner for writ of *Habeas Corpus,*

*vs.*

CHARLES BAKER.

Waldo. Opinion April 14, 1881.

*Exceptions. Habeas corpus.*

Exceptions do not lie to the discharge of a prisoner on *habeas corpus.*

ON EXCEPTIONS.

*Habeas corpus.* The court held that the petitioner as a matter of legal right was entitled to be discharged from his imprisonment and ordered his discharge. The respondent alleged exceptions which "being seasonably presented and found correct are allowed, if allowable; the full court to determine whether exceptions will be in the case stated."

*J. W. Knowlton* for the petitioner.

*Thompson & Dunton,* for the respondent.

WALTON, J. Exceptions do not lie to the discharge of a prisoner on *habeas corpus.* The object of the writ is to secure the right of personal liberty; and this can only be accomplished by prompt action and a speedy trial. To allow exceptions to the order of the court in term time, or to the order of a judge in vacation, discharging a prisoner, would necessarily result in considerable delay, and thus defeat one of the principal purposes of the writ, namely, a speedy release. True, errors may result

from such hasty action, and parties interested in the imprisonment of the person released, may thereby suffer. But the history of the writ shows that greater evils are liable to result from the want of speedy action. We have been cited to no authority justifying the allowance of exceptions in such cases, and we are not aware of the existence of any. On the contrary, it has been decided in Massachusetts that exceptions do not lie in such cases. And their *habeas corpus* act, in force at the time of the decision, so far as this question is concerned, was in no respect different from what ours is now. In fact, ours, as is well known, is substantially a transcript of theirs. *Wyeth* v. *Richardson*, 10 Gray, 240.

*Exceptions dismissed.*

Appleton, C. J., Danforth, Virgin, Peters and Libbey, JJ., concurred.